**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TIMOTHY KITCHENS** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:22-cv-00162-RPM**

**FORREST COUNTY, MISSISSIPPI, et al.** **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART MOTION [37] FOR SUMMARY JUDGMENT**

Plaintiff Timothy Kitchens, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 on November 30, 2022. [1] at 1-4. When he filed his Complaint, Kitchens was housed as an inmate at the Forrest County Adult Detention Center ("FCADC") in Hattiesburg, Mississippi. *Id.* at 1. He is now housed in the custody of the Mississippi Department of Corrections at the South Mississippi Correctional Institution in Leakesville, Mississippi.[1] [39] at 1. He names as Defendants (1) Forrest County, Mississippi, (2) James Kennum, and (3) Kevin Lewis. [1] at 1; [15] at 1; [18] at 1; [28] at 1. After an Omnibus Hearing on June 9, 2023,[2] Defendants filed a Motion [37] for Summary Judgment on November 7, 2023, to which Kitchens has not responded. For the following reasons, the Court finds that Defendants' Motion [37] for Summary Judgment should be granted in part and denied in part. Kitchens' claims against Forrest County should be dismissed with prejudice, but his claims against Lewis and Kennum in their individual capacities should proceed.

---

[1] On September 7, 2022, Kitchens was sentenced by the Forrest County, Mississippi, Circuit Court to a ten-year term of imprisonment for being a felon in possession of a weapon. *See* Inmate Details, Timothy Kitchens, https://www.ms.gov/mdoc/inmate/Search/GetDetails/228897 (last accessed July 18, 2024); *see also* [37-1] at 9. The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

[2] The Court held an Omnibus Hearing to give Kitchens a chance to clarify his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

## I. BACKGROUND

The events giving rise to this lawsuit occurred at FCADC on September 25, 2022. [1] at 4. Early that morning, a "fight broke out" in Kitchens' housing pod between two other inmates. [37-1] at 10-11; *see also* [1] at 4. Kitchens testified that "the fight broke out on the bottom" tier, but he "was on the top tier" at the time. *Id*. Correctional Officer Lewis entered the housing pod and "sprayed" the fighting inmates, one of whom "was bleeding out of his nose pretty bad." *Id.* at 11. Kitchens orally intervened, telling Lewis that the other inmate had "had enough." *Id.* (quotation omitted); *see also* [37-1] at 16 (quotation omitted). Kitchens testified that he spoke out because the other inmate was already bleeding from his nose and mouth when Lewis entered the housing pod. [37-1] at 16.

Because of the fight, all inmates were ordered to return to their cells and "lockdown." [1] at 4. Kitchens insists that he "did as directed." *Id*. Yet Lewis left the fight "unattended" to ascend the stairs and "buzz" in to Kitchens' locked cell. [37-1] at 16. Kitchens testified that Lewis "grabbed [him] by the collar of [his] shirt" and sprayed him with mace, which entered his "ear because [he] turned [his] head." *Id.* at 11; *see also* [1] at 4. Kitchens claims that "the mace got all over [his] mat, [his] rack partner, [and] . . . everything." [37-1] at 12. Allegedly, Lewis then "jerked [Kitchens] down on the ground, put his knee on [him], and . . . started punching [him]." *Id.* at 11. He feared that Lewis "would have probably busted [him] up" if Kitchens "wasn't blocking." *Id.* Kitchens testified that he was no "threat in [any] way, shape, fashion, or form" when the alleged assault occurred. *Id.* at 12.

Kitchens testified that Correctional Officer Kennum entered his cell "about a minute and a half after [Lewis's alleged assault] occurred." *Id.* at 11. At that time, Kennum also placed his knee

on Kitchens and "start[ed] hitting [him] all on the side of [his] side," though he was "already down" and "detained." *Id.* at 13. Kitchens pled that Lewis and Kennum then "left [him on his] cell floor," [1] at 4, but he later testified that they "put [him] in handcuffs and . . . [took him] to the hole." [37-1] at 13. Kitchens testified that he remained in "lock . . . down . . . [for] a week before they brought [him] back to population." [37-1] at 15.[3]

Kitchens pled that he was later denied medical attention, [1] at 4, but he testified that he "went to medical as soon as [he] could," [37-1] at 17. As a result of the altercation, Kitchens suffered a "swollen" head, which "went down in about three days," along with injuries to his hand from "blocking [his] face." *Id.* at 18. At the time of the Omnibus Hearing, he still had a "little knot" on his left hand. *Id.* Kitchens allegedly received one dose of Tylenol, and he never sought more medical treatment for his injuries. *Id.* He confirmed at the Omnibus Hearing that he was not making "a claim for denial of medical attention or medical care." *Id.*

Kitchens sued Forrest County for "allow[ing] an unsuitable officer . . . to work under [it]." [17] at 1. In other words, he sued Forrest County only because it employs Lewis and Kennum. [37-1] at 17. He requests an unspecified measure of compensatory and punitive damages for "mental anguish," "emotional distress," and "pain [and] suffering." [1] at 4.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a

[3] Kitchens testified that another correctional officer "took pictures" of his injuries, [37-1] at 11, and that video of the incident "should" exist, *id.* at 24. Defendants represent that they do not possess "any . . . videos or pictures" depicting these events. [35] at 1.

verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

## III. DISCUSSION

For the following reasons, Defendants' Motion [37] for Summary Judgment will be granted in part and denied in part. Kitchens has failed to allege and prove a policy, practice, or custom of Forrest County that caused the alleged constitutional violation. For that reason, the evidence before the Court does not support the imposition of municipal liability under § 1983. But there are genuine issues of material fact about whether Lewis and Kennum violated Kitchens' constitutional rights

by using excessive force against him. Kitchens' claims against Lewis and Kennum should proceed.

**A. Forrest County**

The summary-judgment record shows that Forrest County is entitled to judgment as a matter of law. *See* [38] at 4-6. "Municipal liability under [S]ection 1983 requires proof of three elements: a policymaker, an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Wilson v. Pearl River Cnty.*, No. 1:08-cv-01353-JMR, 2010 WL 235027, at *2 (S.D. Miss. Jan. 15, 2010) (quotation omitted); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom." *Wilson*, 2010 WL 235027, at *3. In other words, "Congress did not intend municipalities to be held liable unless action pursuant to an official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

During the life of this case, Kitchens has not mentioned an official policy of Forrest County that caused the alleged constitutional violation. Nor has he shown a pattern or practice of Forrest County giving rise to the alleged constitutional violation. Instead, Kitchens sued Forrest County only because it employs Lewis and Kennum, [37-1] at 17, which cannot by itself establish municipal liability against it, *see Mason v. Lafayette City- Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (reiterating *Monell*'s instruction "that a municipality cannot be held liable under § 1983 solely because its employee committed a constitutional tort"); *Alves v. Harrison Cnty., Miss. ex rel. Bd. of Super's*, No. 1:06-cv-00912-LG-JMR, 2009 WL 10721162, at *3 (S.D. Miss. Feb. 23, 2009) ("A municipality, or county, cannot be held liable solely because it employs a tortfeasor.").

Defendants' Motion [37] for Summary Judgment will be granted insofar as it requests judgment as a matter of law for Forrest County. Kitchens' claims against Forrest County must be dismissed with prejudice, along with any official-capacity claims against Lewis and Kennum. *See Stahl v. Jackson Cnty., Miss.*, No. 1:15-cv-00189-KS-MTP, 2015 WL 11019137, at *1 (S.D. Miss. Dec. 18, 2015) (noting that claims against county employees in their official capacities "are in actuality claims against" the county).

**B. Lewis and Kennum**

Defendants' Motion [37] with respect to Lewis and Kennum in their individual capacities is a much closer call. "The Fourteenth Amendment Due Process Clause protects a pretrial detainee from excessive force that amounts to punishment, while the Eighth Amendment protects a convicted prisoner from this same conduct." *Smith v. Harrison Cnty., Miss.*, No. 1:07-cv-01256-LG-JMR, 2010 WL 4105674, at *3 (S.D. Miss. Sept. 27, 2010). Because Kitchens "had been convicted of a crime" when he filed his Complaint, [1] at 1, the Court will analyze his excessive-force claim under the Eighth Amendment.[4]

"To prevail on an Eighth Amendment claim of excessive force, a prisoner must show the unnecessary and wanton infliction of pain." *Bell v. State Prison Officials*, No. 23-30339, 2024 WL 2863293, at *4 (5th Cir. June 6, 2024). "The core issue is 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). To make this determination, "[c]ourts analyze (1) 'the extent of the injury suffered,' (2) 'the need for the

[4] Kitchens was sentenced on September 7, 2022, and presumably convicted before that. *See supra* at 1 n.1. The events giving rise to this lawsuit occurred on September 25, 2022. However the Court measures Kitchens' detention status (at the time of the alleged assault or at the time of filing the Complaint), the Eighth Amendment standard controls.

application of force,' (3) 'the relationship between that need and the amount of force used,' (4) 'the threat reasonably perceived by the responsible officials,' and (5) 'any efforts made to temper the severity of a forceful response.'" *Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019) (quoting *Hudson*, 503 U.S. at 7) (brackets omitted).

A prisoner alleging excessive force "must have suffered . . . a more than *de minimis* physical injury, but there is no categorial requirement that the physical injury be significant, serious, or more than minor." *Benoit v. Bordelon*, 596 F. App'x 264, 268 (5th Cir. 2016) (quotation omitted). The focus of the analysis cannot be "whether a certain quantum of injury was sustained." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he [had] the good fortune to escape without serious injury." *Id*. at 38, 40 (reversing dismissal of excessive-force claim based exclusively on a determination that the plaintiff's injuries were *de minimis*).

The limited summary-judgment evidence creates genuine factual disputes about whether Kitchens suffered a constitutional violation. Defendants make no attempt to balance the *Hudson* factors, arguing only that Kitchens cannot succeed because "he has failed to allege the requisite physical injuries." [38] at 7. Defendants urge that Kitchens' "swollen" head and hand, [37-1] at 18, for which he received medical treatment "only . . . one time," [38] at 7, are merely *de minimis* injuries. But considering the extent of the injury is not enough in this context. *See Wilkins*, 559 U.S. at 37; *Hudson*, 503 U.S. at 7 ("The absence of a serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."). That is, even if Kitchens' injuries were minor, the Court must consider the totality of the circumstances in deciding whether his injuries are truly "*de*

*minimis* for Eighth Amendment purposes." *See Hudson*, 503 U.S. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, *provided that* the use of force is not of a sort repugnant to the conscience of mankind." (quotations omitted; second emphasis added)); *see Trotter v. Grimes*, No. 4:10-cv-00190-FKB, 2013 WL 1980257, at *2 (S.D. Miss. May 13, 2013) (considering the *Hudson* factors despite determining that the plaintiff's injuries were *de minimis*).

As to the first *Hudson* factor, the extent of Kitchens' injury, this Court has called similar injuries "more than *de minimis*" in analogous circumstances. *See Stokes v. Madison Cnty., Miss.*, No. 3:09-cv-00039-FKB, 2010 WL 1235821, at *1 (S.D. Miss. Mar. 24, 2010) (analyzing "a black eye, soreness and bruises" resulting from being "hit . . . in the eyes with . . . fists" and "kicked . . . in the ribs, back and legs"). As this case involves injuries to the head and extremities of a "restrained" person, the Court cannot presently call Kitchens' injuries *de minimis* for Eighth Amendment purposes—particularly since this record lacks any medical evidence corroborating the extent of his injuries. *See id*.

Likewise, Defendants have offered no evidence to speak to the remaining *Hudson* factors, including the need for the use of force or the relationship between that need and the amount of force used. *See Bourne*, 921 F.3d at 491. Nor do they address whether the use of force was proportional and properly restrained. The *only* evidence supporting their Motion [37] is the Omnibus Hearing Transcript, in which Kitchens offered competent summary-judgment evidence[5]

[5] "[T]he Court considers . . . sworn testimony at the *Spears* hearing to be competent summary judgment evidence." *Evans v. Mississippi*, No. 2:11-cv-00002, 2012 WL 4480731, at *4 n.3 (S.D. Miss. Sept. 26, 2012).

that he was no threat to Lewis and Kennum at the time of the alleged assault. [37-1] at 12. Though Kitchens spoke out when Lewis entered the zone to break up a fight, he testified that he was behind a locked door when the alleged assault began—a fact that Lewis and Kennum apparently do not dispute. *Id*. at 16.

At this point, the Court has insufficient evidence to determine whether Lewis and Kennum "maliciously and sadistically use[d] force to cause harm," *see Hudson*, 503 U.S. at 9, which is "the core judicial inquiry" here, *id*. at 7. Defendants have failed to carry their initial summary-judgment burden. *See Davis v. Kuykendall*, 242 F. App'x 961, 964 (5th Cir. 2007) (vacating the grant of summary judgment in a similar excessive-force case); *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006) (affirming the denial of summary judgment in a similar excessive-force case and remanding the case for further proceedings); *cf. Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) (affirming the grant of summary judgment where the plaintiff's "busted lip" occurred in the context of an officer's "reasonable attempt to maintain order").

Finally, Defendants paint their sole argument with too broad a brush. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Defendants take this to mean that Kitchens "cannot recover damages" unless he proves the requisite physical injury. [38] at 7. But "the application of this provision turns on the relief sought by a prisoner, and . . . prevents prisoners from seeking *compensatory* damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008) (emphasis added). It does not bar the recovery of nominal or punitive

damages if Kitchens can prove a constitutional violation. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007). Kitchens in fact requested "punitive damages," [1] at 4, and Defendants offer no reason that claim should be summarily dismissed, *see* [38] at 1-9, even if Kitchens' injuries were merely *de minimis*.

For these reasons, the Court has determined that Lewis and Kennum are not entitled to judgment as a matter of law. The issues identified above are best reserved for the factfinder to decide after a full and proper presentation of the relevant evidence. *E.g.*, *Loisel v. Epps*, No. 3:07-cv-00035-JCS, 2009 WL 1515079 (S.D. Miss. June 1, 2009) (bench trial in excessive-force case); *Anderson v. Payne*, No. 1:04-cv-00542-LG-JMR, 2006 WL 2456481 (S.D. Miss. Aug. 9, 2006) (same); *Diggs v. Barnhart*, No. 1:02-cv-00706-JMR, 2005 WL 2035508 (S.D. Miss. Aug. 23, 2005) (same). Defendants' Motion [37] for Summary Judgment will be denied insofar as it requests judgment as a matter of law for Lewis and Kennum.

## IV. CONCLUSION

The Court has considered the arguments presented. Those not specifically addressed would not have changed the outcome. Having thoroughly reviewed and liberally construed Kitchens' pleadings and testimony, along with the Motion [37] for Summary Judgment pending, the Court finds that Kitchens' claims against Forrest County, Mississippi, should be dismissed with prejudice. His claims against Lewis and Kennum should proceed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion [37] for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Timothy Kitchens' claims against Defendant Forrest County, Mississippi, are **DISMISSED WITH PREJUDICE**.

The Clerk of Court will alter the docket to reflect the dismissal of Forrest County, Mississippi, as Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Kitchens' claims against Lewis and Kennum will proceed, though the Court expresses no opinion about whether his remaining claims will or will not be found to be meritorious. The Court will establish the necessary case-management deadlines in due course.

**SO ORDERED AND ADJUDGED,** this 23rd day of July, 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE